THE STATE OF NEW JERSEY v. CHESTER A. LOVELL.

Submitted July 2, 1914—Decided November 24, 1914.

A direction of the trial court which states as a fact proven in the case a condition of affairs which is not in the case, and not properly inferable from the testimony, is not judicial comment, and presents ground for reversal.

On error to the Essex County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the state, *Wilbur A. Mott.*

For the defendant, *Joseph Coult, Jr.*

The opinion of the court was delivered by

MINTURN, J. The defendant, a motorman, employed by the Public Service Railway Company, was driving his car upon the Kinney street line, in Newark, on the evening of January 11th, 1913. After his car had left the terminus at South Tenth street and South Orange avenue, and proceeded eastwardly to the Springfield avenue car barn, the motorman upon the following car reaching the South Tenth street terminus discovered the body of one Terence Gruning almost lifeless upon the track. Gruning having subsequently died of his injuries the plaintiff in error was indicted for involuntary manslaughter, and after trial convicted. This conviction is before us for review upon writ of error and under the provisions of the one hundred and thirty-sixth section of the Criminal Procedure act.

Our examination of the case leads to the conclusion that the judgment of conviction must be reversed upon one ground of error unmistakably presented by the record. The speed of

the car at the time and place where the deceased is alleged to have met his injuries was, in the judgment of the state's witnesses, slow—not more than four or five miles an hour. No witness was produced who saw the deceased struck by the car. He had been seen standing near the intersecting tracks of South Orange avenue and South Tenth street, and two witnesses who noticed him there also noticed his disappearance after the defendant's car had passed.

It is quite evident, if he was struck by the car, that he must have been dragged from this intersection to the westerly terminus of the line where his body was found, a distance, approximately, of eight hundred feet. At that point the defendant reversed his car, took on several passengers, and proceeded eastwardly upon his return trip.

The only evidence in the case, apart from whatever legitimate inference may be deduced from these facts, that the deceased was struck by the defendant's car, consists in an inference which one of the state's witnesses, Mrs. O'Neill, drew, viz.: "I knew he had been struck because a kind of a crash came when he was struck. I couldn't explain what kind of a noise—just kind of a crash, and I looked after the car had passed and Mr. Gruning was not there."

Upon this posture of the proof the trial court charged, *inter alia*, as follows: "The state, in support of the indictment, has presented here some evidence which tends to show that it (the car) struck this defendant and went on up to the end of the route, and the body was taken off the fender, the car was switched on the south track," &c.

With the defendant's denial of any knowledge of the happening of the accident, clearly in the record, presenting a manifest issue of fact, in a case where conviction must result, if at all, upon a logical deduction from proved facts and circumstances, it became all important that the jury should deal only with the actual testimony elicited, and should not have propounded to them as a fact, a very important evidential circumstance which the testimony did not supply. In this respect we think the learned trial court misconceived the effect of the testimony.

There was no evidence in the case that the body of the deceased had been upon the fender, or that it was carried therefrom by any person. The question thus presented by this direction of the court, and the absence of testimony to support it, is not *res nova* in this court.

In *State* v. *Diamond,* 84 *N. J. L.* 17, Mr. Justice Garrison says: "It is injurious error for the trial court in a criminal case to charge in effect that an incriminating fact has been proved when such fact has neither testimony nor the color of testimony to support it. Such a charge is not a comment upon testimony made for the benefit of the jury, but an elimination of testimony from the consideration of the jury." In an earlier case—*Smith and Bennett* v. *State,* 41 *Id.* 374—Chief Justice Beasley, speaking for the Court of Errors and Appeals, deals with the same subject and reversed a judgment of conviction in that case, upon the ground "that a story is imputed to the defendant, and a fact of the utmost importance is imported into the testimony, and the introduction among the proofs of such foreign admixture must of necessity be held to constitute error in law."

We conceive that in the case at bar the charge of the learned trial court in the respect referred to, imported into the case an extraneous element, improper for the jury to consider, as a fact in the case, and for that reason a reversal of this conviction must be ordered.